IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **NORMAN SMITH,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| **v.** ) | **No. 24-cv-02153-TLP-tmp** |
| ) | |
| **EXPERIAN INFORMATION SOLUTIONS,** ) | |
| **INC., EQUIFAX INFORMATION** ) | |
| **SERVICES, LLC, and TRANS UNION** ) | |
| **LLC,** ) | |
| ) | |
|     **Defendants.** ) | |

**REPORT AND RECOMMENDATION**

On March 8, 2024, Norman Smith filed a *pro se* complaint against defendants Experian Information Solutions, Inc. ("Experian"), Equifax Information Services, LLC ("Equifax"), and Trans Union LLC ("Trans Union").[1] (ECF No. 1.) On March 8, 2024, summonses for all defendants were issued and given to Smith to effect service. (ECF No. 7.) On April 24, 2024, Equifax filed a Notice of Settlement, but no judgment has been entered as to Equifax. (ECF No. 15.) On May 3, 2024, Experian filed a notice of settlement. (ECF No. 18.) On May 14, 2024, Smith and Experian filed a joint motion to dismiss Experian with prejudice, and the court

---

[1]Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

entered a judgment as to Experian on May 29, 2024. (ECF Nos. 19 & 20.)

However, as of June 17, 2024, Trans Union had not been served. On June 17, 2024, the undersigned entered an order to show cause why the court should not dismiss the case without prejudice as to Trans Union for failure to timely serve it. (ECF No. 21.) Smith had until July 1, 2024, to respond, but he has failed to respond to the court's order, and he has failed to serve Trans Union.

Under Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against the defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id.

Smith has failed to timely serve Trans Union within ninety days of filing his lawsuit, and Smith has failed to demonstrate good cause for his failure to timely serve Trans Union. Therefore, the undersigned recommends that the case be dismissed without prejudice as to Trans Union.

Respectfully submitted,

s/Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

<pre>
                                  August 6, 2024
                                  Date
</pre>

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FOREFEITURE OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**