**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| NORMAN SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:24-cv-02153-TLP-tmp |
| v. | ) | |
| | ) | JURY DEMAND |
| EXPERIAN INFORMATION SOLUTIONS, | ) | |
| INC., EQUIFAX INFORMATION | ) | |
| SERVICES, LLC, and TRANS UNION | ) | |
| LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

In his Report and Recommendation ("R&R"), Chief Magistrate Judge Tu M. Pham ("Judge Pham") suggests that this Court dismiss Defendant TransUnion under Federal Rule of Civil Procedure 4(m). (ECF No. 22.) For the reasons below, this Court agrees with Judge Pham and **ADOPTS** his R&R.

## BACKGROUND AND THE R&R

In March 2024, Plaintiff sued Defendants pro se. (ECF No. 1.) Under Administrative Order No. 2013-05, the Court referred the case to Magistrate Judge Pham for management of all pretrial matters. Plaintiff issued summonses for all three Defendants and served Defendants Experian and Equifax. (ECF No. 7.) But Plaintiff never served Defendant TransUnion. Judge Pham issued a Show Cause Order on June 17, 2024, directing Plaintiff to respond by July 1, 2024, and explain why he never served TransUnion and why his claim against it should not be dismissed. (ECF No. 21.) Plaintiff never responded. In August 2024, Judge Pham submitted

this R&R, recounting the standard for service under Rule 4(m).  (ECF No. 22.)  His R&R recommends dismissal of this claim without prejudice.  (*Id.* at PageID 56.)  Having reviewed the record here, this Court agrees with Judge Pham's conclusion and his reasoning.  The Court now turns to the legal standard.

## LEGAL STANDARD

A magistrate judge may submit to a district court judge proposed findings of fact and recommendations for deciding pretrial matters, including the involuntary dismissal of an action.  28 U.S.C. § 636(b)(1)(A)–(B).  And "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).

If the parties do not object, then a district court reviews a R&R for clear error.  Fed. R. Civ. P. 72(b) advisory committee notes.  And the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  Judge Pham entered his R&R on August 6, 2024, and neither party objected.  And the time to do so has now passed.  The Court therefore reviews the R&R for clear error.

## DISPOSITION

Having reviewed the record and finding no clear error, the Court agrees with Judge Pham's R&R.  Under Rule 4(m), a plaintiff must serve a defendant within 90 days after filing a complaint.  And it is the plaintiff's burden to perfect service of process.  *Ross v. Soc. Sec. Admin. United States of Am.,* 2023 WL 6178443, at *3 (W.D. Tenn. Sept. 21, 2023) (quoting *Campbell v. United States*, 496 F. Supp. 36, 39 (E.D. Tenn. 1980)).  In fact, Rule 4(m) mandates that if a defendant is not served with process within 90 days of the filing of the complaint, "the court—on

motion or on its own after notice to the plaintiff—*must* dismiss the action without prejudice against that defendant." Fed. R. Civ. P. 4(m). But Rule 4(m) also provides that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Ross* 2023 WL 6178443, at *3 (quoting Fed. R. Civ. P. 4(m).

What is more, the Supreme Court has also recognized a district court's inherent power to dismiss a case sua sponte for failure to prosecute. *Marchand v. Smith & Nephew*, 2013 WL 6780559, at *2 (W.D. Tenn. Dec. 19, 2013) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 48 (1991)). Rule 41(b) "allows district courts to manage their dockets and avoid unnecessary burdens on both courts and opposing parties." *Shavers v. Bergh*, 516 F. App'x 568, 569 (6th Cir. 2013) (citing *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

Plaintiff has not exercised diligence here. Not only has he failed to serve Defendant timely, he has shown a lack of respect for this Court's rules by not responding to Judge Pham's show cause order—this conduct favors dismissal. S*ee Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011)) (holding that bad faith exists when a party delays or disrupts the litigation process). In fact, when a party ignores court orders and fails to prosecute his case, the Court has the discretion to dismiss the case for that reason too. *See Lee v. GlaxoSmithKline, LLC*, 2014 WL 691192, at *2 (W.D. Tenn. Feb. 21, 2014). Plaintiff's conduct here suggests that he has lost interest in prosecuting this case. And so Judge Pham recommended dismissal. (ECF No. 22 at PageID 56.) This Court agrees with his reasoning.

## CONCLUSION

The Court has reviewed Judge Pham's R&R for clear error and finds none. And so, the Court **ADOPTS** the R&R and **DISMISSES** Defendant TransUnion **WITHOUT PREJUDICE**.

**SO ORDERED**, this 23rd day of August, 2024.

s/Thomas L. Parker
_____
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE